CULPEPPER IP, LLLC
Kerry S. Culpepper, Bar No. 9837
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawai'i 96740
Telephone:     (808) 464-4047
Facsimile:     (202) 204-5181
E-Mail:     kculpepper@culpepperip.com

Attorney for Plaintiff:
Hunter Killer Productions, Inc.

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| Hunter Killer Productions, Inc.<br><br>        Plaintiff,<br><br>vs.<br><br>SABRINA BOYLAN and<br>DOES 1-5<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case No.: 3:20-cv-00306-MAT**<br>(Copyright)<br><br>**PLAINTIFF'S *EX PARTE* MOTION FOR LEAVE TO SERVE THIRD PARTY SUBPOENAS PRIOR TO A RULE 26(F) CONFERENCE; MEMORANDUM IN SUPPORT OF MOTION; PROPOSED ORDER** |

### *EX PARTE* MOTION FOR LEAVE TO SERVE THIRD PARTY SUBPOENAS PRIOR TO A RULE 26(F) CONFERENCE AND MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Fed. R. Civ. P. 26(d)(1), Plaintiff Hunter Killer Productions, Inc. ("Plaintiff") moves this Court for entry of an order granting it leave to serve third party subpoenas prior to a Rule 26(f) conference. This motion is based upon the following memorandum of points and authorities, Complaint [Doc. #1], Exhibits "1" and "2" [Doc. ##1-1, 1-2] to the Complaint, the Declaration of Gerard Prado [Doc. #1-3], the Declaration of Daniel Arheidt [Doc. #1-4], and the pleadings in this action.

Plaintiff's counsel attempted to confer with Defendant Sabrina Boylan per Fed. R. Civ. P.

26(f) by communicating with her by an email address believed to belong to her to no avail. By virtue of the very nature of this motion requesting leave to pursue expedited discovery in order to determine the true identities of opposing parties Defendants DOES 1-5, Plaintiff's counsel is unable to confer with Defendants DOES 1-5 prior to the filing of this motion.

**I. INTRODUCTION**

Plaintiff is the registered owner of the motion picture "*Hunter Killer*" (PA2147752) ("Work"). *See* Exhibit "2" [Doc. #1-2]. Defendants DOES 1-5 ("Defendants") used a website known as YTS ("YTS website") either directly or via a BitTorrent Client such as Popcorn Time to download a torrent file for copying the Work. *See* Complaint [Doc. #1] at ¶¶9, 40; Exhibit "1" [Doc. #1-1]. Defendants further copied, publicly performed, displayed, reproduced and distributed copies of the Work. *Id.* at ¶¶91-101. Additionally, Defendants distributed removed or altered copyright management information of Plaintiff's Work, thereby further inducing, enabling, and facilitating further infringements of the Work. *See Id.* at ¶¶116-122.

As the Defendants anonymously used the Internet to commit infringements, Plaintiff only knows the IP addresses where and the times when the infringements occurred as shown in Exhibit "1" [Doc. # 1-1]. However, based on pre-filing investigations, Plaintiff has determined that the IP addresses from where Defendants infringed Plaintiff's Work were assigned by the Internet Service Providers ("ISP") Spectrum, AT&T, and Verizon Wireless. *Id.* Publicly available data allows Plaintiff to identify the specific ISP Defendants used and other information such as the city or area associated with the IP addresses. Publicly available data generally does not permit Plaintiff to ascertain the identities of the subscribers or Defendants. However, the ISPs have the records which tie the IP addresses used to infringe Plaintiff's rights to a specific party who contracted with the ISP for service. Without this information, Plaintiff likely cannot ascertain the identities of the

Defendants to protect its valuable copyrights.

By this motion, the Plaintiff seeks leave to serve limited, immediate discovery on the Defendants' ISPs and any related intermediary ISPs that provided the Internet service Defendants used to infringe Plaintiff's Work.

## II. ARGUMENT

Fed. R. Civ. P. 26(d) prohibits seeking discovery before the Rule 26(f) conference. However, this prohibition is not absolute. The court may authorize discovery upon a showing of good cause.  *See Ensor v. DOES,* Civil No. A-19-CV-00625-LY (W.D. Tex. Sept. 23, 2019). Courts look at several factors to determine good cause, including: "(1) a concrete showing of a prima facie claim of actionable harm by the plaintiff; (2) specificity of the discovery request; (3) the absence of alternative means to obtain the subpoenaed information; (4) a central need for the subpoenaed information to advance the claim; and (5) the user's expectation of privacy." *Id*.

### A. Plaintiff has made a Prima Facie Case of Copyright Infringement.

A plaintiff must prove two elements to establish copyright infringement: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991); *see Alcatel USA, Inc. v. DGI Technologies, Inc.*, 166 F.3d 772, 790 (5th Cir., 1999). Plaintiff has alleged that it owns and registered the copyrights of the Work. *See* Exhibit "2" [Doc. #1-2]. Plaintiff further alleged that Defendants copied, publicly performed, displayed, reproduced and distributed copies of the Work. *See* Complaint [Doc. #1] at ¶¶91-101.  Finally, Plaintiff's allegations of infringement are verified by Daniel Arheidt of Maverickeye UG.  *See* Declaration of Daniel Arheidt [Doc. #1-4] at ¶7). Accordingly, Plaintiff has sufficiently met its obligation to plead a *prima facie* case.

***B. Plaintiff has Identified the Defendants with Specificity.***

Plaintiff has identified the Defendants with as much specificity as available by identifying Defendants' IP addresses, ISPs, times of confirmed infringements, and geographical locations, as shown in Exhibit "1" [Doc. #1-1].

***C. There is No Other Way to Obtain Defendants' True Identities.***

Other than by getting the information from the ISPs regarding the persons assigned to the subject IP addresses, there is no other way to obtain Defendants' true identities. Indeed, the only information available to the Plaintiff is the IP addresses Defendants used, the ISPs, and the geographical locations and times of the alleged infringements. Thus, Plaintiff has shown the absence of alternative means to obtain the subpoenaed information.

***D. The Early Discovery Requested is Required to Effect Service.***

The Plaintiffs will only use this information to prosecute the claims made in the Complaint. Without this information, the Plaintiffs cannot serve the Defendant nor pursue this lawsuit to protect their valuable copyrights.

***E. The Early Discovery Requested does not Offend the User's Expectation of Privacy.***

The subpoena to the ISPs will be narrowly tailored to demand the true name, service address, billing address, telephone number, e-mail address, and Media Access Control address of the subscriber to whom the ISPs assigned an IP address that has been identified by the Plaintiff as being used to infringe its copyrighted Work. Additionally, this Court has found that there is "minimal" privacy interest in Copyright Infringement cases. *See Ensor* at ¶5.

**III. CONCLUSION**

For the foregoing reasons, the Plaintiff submits it has shown good cause and requests that this Court grant leave to the Plaintiff to issue Rule 45 subpoenas to have served on the ISPs that

assigned the IP addresses identified by the Plaintiff as used to infringe its copyrighted Work.


DATED: Kailua-Kona, Hawaii, December 23, 2020.

/s/ Kerry S. Culpepper
Kerry S. Culpepper
CULPEPPER IP, LLLC
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawaii 96740
Telephone:     (808) 464-4047
Facsimile:     (202) 204-5181
E-Mail:        kculpepper@culpepperip.com
Attorney for Plaintiff: Hunter Killer Productions, Inc