UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| HUNTER KILLER PRODUCTIONS, INC.; BODYGUARD PRODUCTIONS, INC.; MORGAN CREEK PRODUCTIONS, INC.; VOLTAGE HOLDINGS, LLC; and RAMBO V PRODUCTIONS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> SABRINA BOYLAN, <br><br> Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§  EP-20-CV-00306-FM<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL AND TO DEEM ADMISSIONS ADMITTED**

Before the court is "Plaintiffs' Motion to (1) Compel Defendant Sabrina Boylan to Answer Written Interrogatories and (2) Deem the Requests for Admission Admitted" ("Motion") [ECF No. 29], filed May 22, 2023, by Hunter Killer Productions, Inc., Bodyguard Productions, Inc., Morgan Creek Productions, Inc., Voltage Holdings, LLC, and Rambo V Productions, Inc. ("Plaintiffs"). The Motion is **GRANTED IN PART** and **DENIED IN PART**.

**I.    BACKGROUND**

Plaintiffs are owners of copyrights for various Hollywood movies.[1] In May 2021, they filed an amended complaint[2] against Sabrina Boylan ("Defendant"), asserting she infringed on their

---

[1] "First Amended Complaint" ("Am. Compl.") 3–4 ¶¶ 6–12, ECF No. 12, filed May 5, 2021

[2] The original complaint included only Hunter Killer Productions, Inc.; the remaining plaintiffs joined onto the amended complaint. *See* "Complaint" 1, ECF No. 1, filed Dec. 9, 2020; Am. Compl. at 1.

1

copyrights by illegally downloading, reproducing, and sharing copies of their films and showing customers (she worked at a Verizon retailer) how to install movie piracy software on their devices.[3]

Defendant was served with summons and the amended complaint on May 3, 2021,[4] but failed to respond. Accordingly, the Clerk of the Court entered her default shortly thereafter.[5] In July, on Plaintiffs' motion, the court entered default judgment against Defendant, finding her liable to Plaintiffs for $6,250 in statutory damages, $9,913 in attorney's fees, and $767 in other fees and costs.[6] A year later, Plaintiffs requested the court issue writs of garnishment, which the court granted.[7]

In an apparent effort to satisfy the judgment, Plaintiffs' counsel sent Defendant certain interrogatories and requests for admission in April 2023.[8] Defendant did not respond.[9] Plaintiffs then filed the instant Motion asserting the judgment remains unsatisfied and moving the court under Federal Rules of Civil Procedure ("Rule") 69 and 36 to (1) compel Defendant to answer the interrogatories and (2) deem the requested admissions admitted.[10]

---

[3] Am. Compl. at 4 ¶¶ 14–15, 7–8 ¶¶ 26–30, 18–19 ¶¶ 87–94.

[4] "Declaration of Service" 1, ECF No. 13, filed May 13, 2021.

[5] "Entry of Default" 1, ECF No. 15, May 25, 2021.

[6] "Order Granting Motion to Reconsider and Default Judgment" 22, ECF No. 20, entered July 28, 2021.

[7] "Application for Issuance of Writs of Garnishments and Attorney's Fees and Costs," ECF No. 22, filed July 13, 2022; "Order Granting Application for Writs of Garnishment," ECF No. 24, entered Oct. 5, 2022.

[8] *See* "Plaintiffs' Motion to (1) Compel Defendant Sabrina Boylan to Answer Written Interrogatories and (2) Deem the Requests for Admission Admitted" ("Mot.") 2 ¶ 5, ECF No. 29, filed May 22, 2023.

[9] *Id.* at 2 ¶ 7.

[10] *Id.* at 2 ¶ 1.

## II.  **DISCUSSION**

### A.  *Post-Judgment Discovery*

Rule 26 governs the permissible scope of discovery: "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."[11] Discovery is also permitted following judgment, a process governed by Rule 69, which allows judgment creditors to obtain discovery from judgment debtors in aid of a money judgment or writ of execution.[12] The scope of post-judgment discovery is "broad" and allows "a judgment creditor to discover assets upon which execution may be made."[13]

Rule 33, meanwhile, allows "a party to serve on any other party no more than 25 written interrogatories" that "relate to any matter that may be inquired into under Rule 26(b)."[14] Parties may serve written demands or similar papers by mailing them to the recipient's last known address.[15]

In April 2023, with the judgment still unsatisfied, Plaintiffs' counsel mailed Defendant a list of interrogatories to her last known address.[16] The interrogatories sought information on, among other things: vehicles or real property Defendant owns or has owned recently; financial institutions where she holds accounts; individuals who owe her money; her current employer; her

---

[11] FED. R. CIV. P. 26(b)(1).

[12] *Id*. 69(a).

[13] *JP Morgan Chase Bank, N.A. v. DataTreasury Corp.*, 936 F.3d 251, 256 (5th Cir. 2019) (citation and internal quotation marks omitted).

[14] FED. R. CIV. P. 33(a).

[15] *Id*. 5 subd. (a)(1)(E) and (b)(2)(C).

[16] *See* Mot., Ex. 1, "Interrogatories Pursuant to Fed. R. Civ. Pro. 33" 9, ECF No. 29-2, filed May 22, 2023; Declaration of Service, Ex. 1, "Proof of Service" 1, ECF 13-1, filed May 13, 2021.

recent state and federal tax return amounts; any assets she sold or liquidated recently; and any donations she received.[17]

The court finds Plaintiffs' interrogatories seek relevant, proportional, and discoverable information that will aid them in satisfying the judgment. Plaintiff's counsel also requests attorney's fees connected to the instant Motion "as a sanction for failing to comply with valid discovery" and offers to "provide a supplemental declaration detailing his fees and costs."[18] This request is also proper: Plaintiffs should not be required to bear unnecessary costs attempting to satisfy a judgment while Defendant, who chose not to defend this suit, should not be permitted to ignore justifiable post-judgment discovery. Accordingly, Plaintiffs' Motion is granted to the extent it seeks an order to compel Defendant to respond to their interrogatories. Plaintiffs' counsel may file a motion for attorney's fees delineating the fees and costs associated with his efforts regarding the interrogatories.

### B.    *Requests for Admission*

Under Rule 36, "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1)."[19] "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."[20] "Rule 36 "allows litigants to winnow down issues prior to

---

[17] Mot., Ex. 1, "Interrogatories Pursuant to Fed. R. Civ. Pro. 33" 4–7, ECF No. 29-2, filed May 22, 2023.

[18] Mot. at 4 ¶ 16.

[19] FED. R. CIV. P. 36(a)(1), 26(b)(1) (defining the scope of permissible discovery).

[20] *Id*. 36(a)(3).

4

trial and thus focus their energy and resources on disputed matters."[21] The rule, furthermore, "is self-executing, and, in the absence of a timely-served written and signed answer or objection addressed to each matter, all Rule 36 requests for admission served on a party are deemed admitted by default."[22]

In April 2023, Plaintiffs' counsel mailed Defendant a list of admission requests, asking Defendant to confirm, for example, that she: was an employee of the Verizon retailer identified above; used and promoted movie piracy apps while employed there; sold a certain individual a certain tablet device; downloaded a piracy app on that device; and showed the individual how to use the app by illegally downloading a copy of a certain movie.[23]

Defendant never responded. Plaintiffs now move the court to deem the requested admissions admitted.[24] The court declines to do so for two independent reasons. First, Defendant has already admitted, by virtue of her default, most of what is covered in Plaintiffs' requested admissions.[25] Regardless, Plaintiffs have not shown how or why Rule 36 should be applied in a

---

[21] *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001).

[22] *Longoria v. County of Dallas, Tex.*, No. 3:14-cv-3111-L, 2016 WL 6893625, at *5 (N.D. Tex. Nov. 22, 2016) (citing *id.* at 420).

[23] Mot., Ex. 1, "Plaintiffs/Judgment Creditors' First Request for Admissions Pursuant to Fed. R. Civ. P. 36" 2–4, ECF No. 29-2, filed May 22, 2023.

[24] Mot. at 4.

[25] *See Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact"); FED. R. CIV. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.").

Most of Plaintiffs' requested admissions pertained to allegations from the complaint, such as the fact that Defendant was an employee at a certain Verizon retailer during the relevant period. *See* Plaintiffs/Judgment Creditors' First Request for Admissions Pursuant to Fed. R. Civ. P. 36 at 3; Am. Compl. at 4, 18–19. A few requests for admission touched on things not discussed in the amended complaint, such as whether Defendant receives unemployment benefits, *see* Plaintiffs/Judgment Creditors' First Request for Admissions Pursuant to Fed. R. Civ. P. 36 at 2, but those requests nevertheless fail since Rule 36 does not apply in the post-judgment context.

closed, post-judgment case. On the contrary, Rule 36 is designed to reduce the scope of pre-trial discovery and is therefore limited to "pending action[s] only."[26] In short, there is no cognizable action the court can or should take regarding Plaintiffs' request for admissions.

## III. CONCLUSION

Accordingly, the court enters the following orders:

1. It is **HEREBY ORDERED** that "Plaintiffs' Motion to (1) Compel Defendant Sabrina Boylan to Answer Written Interrogatories and (2) Deem the Requests for Admission Admitted" [ECF No. 29] is **GRANTED** to the extent it moves the court to compel Defendant to answer interrogatories.

2. Therefore, Defendant Sabrina Boylan is **ORDERED** to respond meaningfully and without objection, to the thirteen interrogatories mailed to her on April 6, 2023, and to do so **by July 31, 2023**.

3. It is **FURTHER ORDERED** that "Plaintiffs' Motion to (1) Compel Defendant Sabrina Boylan to Answer Written Interrogatories and (2) Deem the Requests for Admission Admitted" [ECF No. 29] is **DENIED** to the extent it moves the court to deem requested admission admitted.

**SIGNED AND ENTERED** this **21st** day of **June 2023**.

**FRANK MONTALVO**
**SENIOR UNITED STATES DISTRICT JUDGE**

---

[26] *In re Carney*, 258 F.3d at 419; FED. R. CIV. P. 36(a)(1).