UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| HUNTER KILLER PRODUCTIONS, INC. ET AL., | § § § § | |
| Plaintiffs, | § | EP-20-CV-00306-FM |
| v. | § § § | |
| SABRINA BOYLAN, | § § | |
| Defendant. | § | |

## ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEY'S FEES

Before the court is "Plaintiffs' Motion for Attorney's Fees" [ECF No. 31], filed August 25, 2023, by the Plaintiffs. Therein, Plaintiffs request $1,687.50 in attorney's fees in connection with work done on post-judgment interrogatories sent to Sabrina Boylan ("Defendant").[1] For the following reasons, Plaintiffs' motion is **GRANTED**.

This court granted Plaintiffs' motion for default judgment following a motion for reconsideration.[2] Shortly thereafter, final judgment was entered.[3] The Plaintiffs then acquired writs of garnishment to satisfy the judgment, attorney's fees, and costs.[4] Plaintiffs next filed a motion to compel in order to serve post-judgment interrogatories and requests for admission because

---

[1] "Plaintiffs' Motion for Attorney's Fees" 4, ECF No. 31, filed Aug. 25, 2023.

[2] *See generally* "Order Granting Motion to Reconsider and Default Judgment" 22, ECF No. 20, entered July 28, 2021.

[3] "Final Judgment" 1, ECF No. 21, entered July 29, 2021.

[4] *See* "Writ of Garnishment" 1, ECF No. 25, entered Oct. 12, 2022; *see also* "Writ of Garnishment" 1, ECF No. 26, entered Oct. 12, 2022; *see also* "Writ of Garnishment" 1, ECF No. 27, entered Oct. 12, 2022, *see also* "Writ of Garnishment" 1, ECF No. 28, entered Oct. 12, 2022.

1

Defendant had still not satisfied the judgment.[5] The court granted in part and denied in part Plaintiffs' motion to compel.[6] After granting Plaintiffs' motion to send the post-judgment interrogatories, Plaintiffs now seek attorney's fees for this work as prescribed by the Federal Rules of Civil Procedure.

Plaintiffs cite Rule 37(d)(3) which states: "[i]nstead of or in addition to these, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified, or other circumstances make an award of expenses unjust."[7] The Rule plainly states that the court *must* require the party failing to act to pay the reasonable expenses should the Plaintiffs opt for it. Here, the Defendant has failed to serve answers on the post-judgment interrogatories.

The Rule has a safe harbor in which a failing party could seek shelter. If the failing party can show, they were "substantially justified" in their failure to answer interrogatories or there are "other circumstances make[ing] an award of expenses unjust."[8] Here, the Defendant has never appeared before the court. Therefore, Defendant is incapable of showing a "substantial justification" or "other circumstances" making the expense unjust. As such, attorney's fees for the work on the interrogatories is just.

---

[5] "Plaintiffs' Motion to (1) Compel Defendant Sabrina Boylan to Answer Written Interrogatories and (2) Deem the Requests for Admission Admitted." 2, ECF No. 29, filed May 22, 2023.

[6] *See* "Order Granting in Part and Denying in Part Motion to Compel and to Deem Admissions Admitted" 6, ECF No. 30, entered June 21, 2023.

[7] FED R. CIV. P. 37(d)(3).

[8] *Id.*

In the Fifth Circuit, a district court must apply a two-step method for determining a reasonable fee award.[9] First, a district court is to calculate the "lodestar" by multiplying the reasonable hourly rate by the number of hours reasonably expended on the litigation.[10] A fee applicant bears the burden of demonstrating that the hours expended and the rates charged by counsel are reasonable.[11] Second, a court should consider whether to enhance or decrease the lodestar based on the *Johnson* factors.[12] The *Johnson* factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.[13]

The fee applicant also "bears the burden of showing that. . . an [upward] adjustment is necessary."[14] This burden is appreciable because "there is a strong presumption that the lodestar amount is a reasonable fee."[15]

---

[9] *Portillo v. Cunningham*, 872 F.3d 728, 741 (5th Cir. 2017).

[10] *Saldivar v. Austin Indep. Sch. Dist.*, 675 F.App'x 429 (5th Cir. 2017).

[11] *Burns v. Nielsen*, No. EP-17-CV-00264-DCG, 2021 WL 534711 *3 (W.D. Tex. Feb. 12, 2021).

[12] *Portillo*, 872 F.3d at 741.

[13] *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974).

[14] *Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 771 (5th Cir. 1996).

[15] *Saldivar*, 675 F.App'x at 431.

The attorney for the Plaintiffs' submitted his affidavit in which he attests that he performed 3.75 hours of work relating to the interrogatories at a rate of $450 an hour.[16] This work totals to $1,687.50 in attorney's fees.[17] The court finds this reasonable.[18] Accordingly,

1. It is **HEREBY ORDERED** that "Plaintiffs' Motion for Attorney's Fees" [ECF No. 31] is **GRANTED.**

2. It is **FURTHER ORDERED** that Defendant "Sabrina Boylan" **SHALL PAY** to Plaintiffs $1,687.50 in reasonable attorney's fees.

**SIGNED AND ENTERED** this $\underline{29}$ day of **August 2023.**

*[signature]*

**FRANK MONTALVO**
**SENIOR UNITED STATES DISTRICT JUDGE**

---

[16] "Declaration of Kerry S. Culpepper" 2, ECF No. 31–1, filed Aug. 25, 2023.

[17] *Id.*

[18] The court does not, by this order, state that $450 is a reasonable hourly rate in all cases. The court only finds it reasonable in this case because the Defendant is not contesting attorney's fees. *See Ares v. Schneider Elec. USA, Inc.*, 2023 U.S. Dist. LEXIS 81175, at *7 (W.D. Tex. May 9, 2023) ("For many of the higher hourly rates awarded, there is a common denominator in that the defendants in those cases did not contest the hourly rates.") (Footnote omitted).