UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| Hunter Killer Productions, Inc. *et al.*, </br></br> Plaintiffs, </br></br> vs. </br></br> SABRINA BOYLAN, </br></br> Defendant. | Case No.: 3:20-cv-00306-FM </br> **(Copyright)** </br></br> PLAINTIFFS' MOTION FOR AN ORDER TO SHOW CAUSE WHY DEFENDANT SABRINA BOYLAN SHOULD NOT BE HELD IN CONTEMPT |

**PLAINTIFFS' MOTION FOR AN ORDER TO SHOW CAUSE WHY DEFENDANT SABRINA BOYLAN SHOULD NOT BE HELD IN CONTEMPT**

1. Plaintiffs, by and through her counsel, hereby move for this Court to issue an Order to show cause why SABRINA BOYLAN ("Defendant") should not be held in contempt for her failure to obey this Court's order [Doc. #30] compelling her to answer written interrogatories by July 31, 2023. This Motion is pursuant to the Court's Order [Doc. #20] of July 28, 2021 granting default judgment; this Court's Order [Doc. #30] of June 21, 2023 compelling the Defendant to answer written interrogatories by July 31, 2023; and Rules 26, 33, 37 and 69 of the *Federal Rules of Civil Procedure.*

**I. RELEVANT FACTUAL BACKGROUND**

2. On Dec. 9, 2020, Plaintiffs filed the Complaint [Doc. #1] against Defendant.

3. On July 28, 2021, the Court granted default judgment including a money judgment of $16,930.00 excluding interest against Defendant. *See* Order [Doc. #20].

1

4.        The money judgment is valid and remains unsatisfied.  *See* Decl. of Culpepper [Doc. #31-1 at ¶3].

5.        On April 6, 2023, Plaintiffs' counsel sent Interrogatories ("ROGs") and Requests for Admissions ("RFA") to the Defendant having a response deadline of 30 days (May 6, 2023). [Doc. #29-1].  The ROGs were served on Defendant pursuant to Rule 33.

6.        On May 13, 2023, Plaintiffs' counsel sent a letter by first class mail to the Defendant advising her of Plaintiffs' intent to file a motion to compel and requesting to meet and confer regarding that motion.  [Doc. #29-2].

7.        On June 21, 2023 this court granted Plaintiffs' motion to compel the Defendant to answer written interrogatories by July 31, 2023. [Doc. #30].

8.        On June 26, 2023, Plaintiffs sent this Order [Doc. #30] to the Defendant by first class mail. *See* Decl. of Culpepper [Doc. #31-1] at ¶4.

9.        To the date of this motion, the Defendant has not responded to the written interrogatories within the time allowed without excuse. *See id.* at ¶5.

## II.  LEGAL STANDARD

10.       Fed. R. Civ. P. 69(a)(2) states that "In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person….as provided in these rules…"

11.       Fed. R. Civ. P. 26(b) states that "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs

of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

12. Fed. R. Civ. P. 37 provides the court with the authority to order compliance with discovery. *See* Rule 37(a)(1)(A).

13. Fed. R. Civ. P. 37(b)(2)(A) provides that if a party or a party's managing agent fails to obey an order or provide discovery, the Court may issue a just order. Rule 37(b)(2)(A)(vii) provides "treating as contempt of court the failure to obey any order…" as an example of a just order.

14. The Supreme Court has long recognized the power of the district courts to enforce judgments and decrees. "It is axiomatic that federal courts possess inherent power to enforce [their] judgments." *Thomas v. Hughes*, 27 F.4th 363, 368 (5th Cir. 2022) (quoting *Peacock v. Thomas*, 516 U.S. 349, 356, 116 S. Ct. 862, 133 L. Ed. 2d 817 (1996)) (internal quotation marks omitted).

15. To determine contempt, the Court must find that the moving party established by clear and convincing evidence "1) that a court order was in effect, 2) that the order required certain conduct by the respondent, and 3) that the respondent failed to comply with the courts order." *Martin v. Trinity Indus., Inc.*, 959 F.2d 45, 47 (5th Cir. 1992).

III. **ARGUMENT**

16. The factual record shows that the Defendant is knowingly violating the Court's order [Doc. #30]. *See* Decl. of Culpepper [Doc. #31-1] at ¶5.

**A.        A valid, lawful, clear, definite and unambiguous Court order is in effect.**

17.        This court's order of June 21, 2023 [*See* Doc. #30] compelling Defendant to respond to the interrogatories by July 31, 2023 was a valid clear, definite and unambiguous order.

**B.        The Order required certain conduct of Defendant.**

18.        The Defendant failed to respond to the written interrogatories despite the Court's order to answer them. *See* Decl. of Culpepper [Doc. #31-1] at ¶5.

**C.        The Court should order that the Defendant show cause why she should not be held in contempt for failure to comply with this Court's order.**

19.        The Defendant failed to defend or otherwise appear in this action and has ignored Plaintiffs' reasonable post-judgment discovery requests.

20.        Unless the Defendant is sanctioned for her willful failure to respond to valid discovery, the Plaintiffs will be frustrated from satisfying the money judgment.

**IV.   CONCLUSION**

21.        For the reasons stated, Plaintiffs respectfully request that the Court order a show cause hearing why the Defendant should not be held in contempt for failing to comply with this Court's orders.  Should the Court grant Plaintiffs' Motion, Plaintiffs' counsel respectfully requests that the hearing be conducted by remote means so that the Parties can easily attend.

        DATED: Kailua Kona, Hawaii, Aug. 31, 2023.

                        Respectfully submitted,

                                                 Kerry S. Culpepper
                                                 *Admitted pro hac vice*
                                                 **CULPEPPER IP, LLLC**
                                                 75-170 Hualalai Road
                                                 Suite B204
                                                 Kailua-Kona, HI  96740
                                                 808.464.4047 – Telephone
                                                 kculpepper@culpepperip.com

                                               *Attorney for Plaintiffs*

**CERTIFICATE OF SERVIC**E

The undersigned hereby certifies that on <u>Aug. 31, 2023</u> and by the methods of service noted below, a true and correct copy of the foregoing was served to the following:

<u>Via First Class Mail</u>
Sabrina Nicole Boylan
5853 SNARK LN
EL PASO, TX 79924-4940

DATED: Kailua-Kona, Hawaii, Aug. 31, 2023.

Respectfully submitted,

Kerry S. Culpepper
*Admitted pro hac vice*
**CULPEPPER IP, LLLC**
75-170 Hualalai Road
Suite B204
Kailua-Kona, HI  96740
808.464.4047 – Telephone
kculpepper@culpepperip.com

*Attorney for Plaintiffs*