UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **HUNTER KILLER PRODUCTIONS, INC. ET AL.,** | § § § § | |
| Plaintiffs, | § | EP-20-CV-00306-FM |
| v. | § § § | |
| **SABRINA BOYLAND,** | § § | |
| Defendant. | § | |

### ORDER DENYING MOTION FOR SHOW CAUSE ORDER

Before the court is "Plaintiffs' Motion for an Order to Show Cause why Defendant Sabrina Boylan Should not be Held in Contempt" [ECF No. 33], filed August 31, 2023, by the Plaintiffs. Therein, Plaintiffs' want the court to issue a show cause order demanding Defendant explain why she should not be held in contempt for failing to answer post-judgment interrogatories.[1] For the following reasons, the Plaintiffs' motion is **DENIED**.

Sanctions for a party's failure to answer interrogatories are covered by Federal Rule of Civil Procedure 37. The rule states that a court "may, on motion, order sanctions" if a party fails to serve its answers, objections, or written response to served interrogatories.[2] The rule, by its plain terms, says a court *may* issue sanctions. Meaning, it is judicial discretion regarding whether to issue sanctions or not. Parties may only tee it up for a court to consider.

---

[1] "Plaintiffs' Motion for an Order to Show Cause why Defendant Sabrina Boylan Should not be Held in Contempt" 1, ECF No. 33, filed Aug. 31, 2023.

[2] FED. R. CIV. P. 37(d)(1)(A).

1

Beyond the plain terms of rule 37, Plaintiffs are correct that a Federal Court has the inherent power to issue sanctions. As stated by the Supreme Court, "[t]o fine for contempt—imprison for contumacy—[en]force the observance of order, & c. are powers which cannot be dispensed with in a Court, because they are necessary to the exercise of all others: and so far our Courts no doubt possess powers not immediately derived from statute."[3] A Court's inherent power includes the ability to unilaterally dismiss a case for failure to prosecute.[4] "These powers include the authority to punish for contempt in order to maintain obedience to court orders."[5] Additionally, a court's inherent power is not limited to Federal Rules of Civil Procedure Rule 11.[6] This court is mindful of the Supreme Court's caution that "inherent powers must be exercised with restraint and discretion."[7]

However, this court sees no discernable reason to issue further sanctions in this case. The Plaintiffs have already been awarded sanctions—in the form of attorney's fees—for Defendant's failure to answer the interrogatories.[8] Additional sanctions for failing to answer the interrogatories are not needed.

---

[3] *United States v. Hudson*, 11 U.S. 32, 34 (1812).

[4] *See Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962) (Deciding that Federal Rule of Civil Procedure 41(b) does not restrict a court's inherent authority to unilaterally dismiss a case for failure to prosecute. "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.").

[5] *Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc.,* 86 F.3d 464, 467 (5th Cir. 1996).

[6] *See Chambers v. NASCO, Inc.,* 501 U.S. 32, 50 (1991) (Deciding that imposing attorney's fees as sanctions via a Court's inherent powers does not run afoul of Rule 11. "There is, therefore, nothing in the other sanctioning mechanisms or prior cases interpreting them that warrants a conclusion that a federal court may not, as a matter of law, resort to its inherent power to impose attorney's fees as a sanction for bad-faith conduct.").

[7] *Id.* at 44.

[8] *See generally* "Order Granting Plaintiffs' Motion for Attorney's Fees" 1, ECF No. 32, entered Aug. 29, 2023.

Additionally, here is the reality for the Plaintiffs, Defendant was a previous employee of a Verizon store selling equipment with pirated movies on the side.[9] At no point during the near three-year history of this case has Defendant ever appeared or defended herself. The Plaintiffs were awarded default judgment and attorney's fees.[10] Then, Plaintiffs were granted writs of garnishment against four banks to satisfy their awards.[11] Now, Plaintiffs have been awarded attorney's fees in relation to their post-judgment interrogatories. There is *zero* evidence that further sanctions will get Defendant to appear. However, Plaintiffs show a proclivity to continue in their pursuit of sanctions until Defendant finds herself in prison for civil contempt. This is a logical end that the court will not entertain. Plaintiffs have their final judgment, they have their writs of garnishment, they have their attorney's fees as sanctions, they will have no more.

Accordingly, it is **HEREBY ORDERED** that "Plaintiffs' Motion for an Order to Show Cause why Defendant Sabrina Boylan Should not be Held in Contempt" [ECF No. 33] is **DENIED**.

**SIGNED AND ENTERED** this **1st** day of **September 2023.**

_____
**FRANK MONTALVO
SENIOR UNITED STATES DISTRICT JUDGE**

---

[9] "Complaint" 6, ECF No. 1, filed Dec. 9, 2020.

[10] "Order Granting Motion to Reconsider and Default Judgment" 22, ECF No. 20, entered July 28, 2021.

[11] *See* "Writ of Garnishment" 1, ECF No. 25, entered Oct. 12, 2022; *see also* "Writ of Garnishment" 1, ECF No. 26, entered Oct. 12, 2022; *see also* "Writ of Garnishment" 1, ECF No. 27, entered Oct. 12, 2022, *see also* "Writ of Garnishment" 1, ECF No. 28, entered Oct. 12, 2022.